ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| VÍCTOR MIRANDA SANTANA, Recurrente. v. COMPAÑÍA PHYSICIAN CORRECTIONAL, Recurrida. | KLRA202200672 | REVISIÓN Sobre: daños y perjuicios. |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2023.

La parte recurrente, el Sr. Víctor Miranda Santana (Miranda Santana) incoó el presente recurso de revisión el 19 de enero de 2023, y adjuntó varios documentos.

Examinado el escrito del recurrente, así como los documentos anejados al mismo, prescindimos de la comparecencia de Physician Correctional[1].

En su consecuencia, nos es forzoso **desestimar** el recurso por el craso incumplimiento del recurrente con la ley y el reglamento aplicable.

I

Conforme surge de sus alegaciones, el Sr. Miranda Santana se encuentra confinado y sufre de neuropatía diabética. El 19 de diciembre de 2022, presentó ante nos una *Demanda* contra Physician Correctional. En esta, alegó que el Dr. Devarie Díaz le renovó una receta de forma incorrecta. Esto, pues el Sr. Miranda Santana tomaba el medicamento "Gabapentin" tres veces al día, y ahora se le recetó el mismo medicamente

---

[1] Ello, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *Véase*, 4 LPRA Ap. XXII-B, R. 7(B)(5).

Número Identificador

SEN2023_____

para dos veces al día. Como consecuencia, el Sr. Miranda Santana ha escrito en múltiples ocasiones a Physician Correctional[2] para solicitar que se le recete nuevamente tomar el medicamente tres veces al día, pues de lo contrario, sufre dolores durante el día. Aduce, sin embargo, Physician Correctional no ha contestado dichas solicitudes. Por ello, el Sr. Miranda Santana solicita el resarcimiento de los daños y angustias mentales sufridos.

II

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos debemos examinar la jurisdicción del foro de donde procede el recurso; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en **cualquier etapa** del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, a la pág. 855. Por su parte, la

---

[2] *Véase*, apéndice del recurso no enumerado.

Regla 83 (C) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83 (B) (1) provee para la desestimación de un pleito por falta de jurisdicción.

B

En nuestro sistema judicial, el recurso de apelación no es automático; presupone una notificación, un diligenciamiento y su **perfeccionamiento**. Se presume, además, que nuestros tribunales actúan con corrección, por lo que compete al apelante la obligación de demostrar lo contrario. Por lo tanto, el apelante tiene la **obligación** de perfeccionar su recurso según lo exige la ley y el Reglamento de este Tribunal de Apelaciones, para así colocar a este foro apelativo en posición de poder revisar al tribunal primario. Además, de no perfeccionarse un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo **no adquiere jurisdicción** para entender en el recurso presentado. *Morán v. Martí*, 165 DPR 356, 367 (2005).

Así pues, las normas que rigen el perfeccionamiento de **todos** los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí". *Íd.*

Es menester destacar que el Tribunal Supremo de Puerto Rico ha sido enfático al expresar que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los

méritos. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002). A modo de ejemplo, "[u]n recurso que carece de un apéndice, con los documentos necesarios *para poner al tribunal en posición de resolver*, **impide** su consideración en los méritos". *Íd.* (Énfasis nuestro; bastardillas en el original).

Reconocemos que la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos. **Sin embargo, ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan ante este foro apelativo intermedio**. Mucho menos pretendió eliminar los términos jurisdiccionales para acudir en alzada. *Morán v. Martí*, 165 DPR, a las págs. 368-369.

Debemos tener presente, además, que la verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no solo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. *Soto Pino v. Uno Radio Group,* 189 DPR, a la pág. 90.

Por último, debemos apuntar que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, **no** justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas procesales que establecen términos jurisdiccionales o de cumplimiento estricto. *Febles v. Romar,* 159 DPR 714, 722 (2003).

C

Entre los requisitos a satisfacer en los recursos de revisión judicial de determinaciones finales y firmes administrativas, la Regla 59 de nuestro Reglamento exige la inclusión de: la cubierta; el epígrafe; la información de los abogados y las partes; la información del caso; un índice; señalamientos de error y un apéndice, entre otros requisitos. 4 LPRA Ap. XXII-B, R. 59. Con respecto al apéndice, este deberá contener copia de las alegaciones de las partes ante la agencia; la determinación recurrida; toda moción,

resolución u orden necesaria para establecer la jurisdicción de este Tribunal o que sea pertinente a la controversia. *Íd.*

Reiteramos lo apuntado por el Tribunal Supremo de Puerto Rico, a los efectos de que el mero hecho de que una parte comparezca por derecho propio, por sí solo, **no** puede justificar el incumplimiento con las reglas procesales. *Febles v. Romar,* 159 DPR, a la pág. 722.

III

Un examen del trámite del recurso que nos ocupa revela que el recurrente no nos colocó en posición de auscultar nuestra jurisdicción o de ejercer nuestra función revisora. Esto, pues el Sr. Miranda Santana no demostró que recurriese de determinación administrativa final alguna sujeta a nuestra facultad revisora.

Según citado, este Tribunal únicamente podrá revisar, como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, las decisiones finales de los organismos y agencias administrativas y, de forma discrecional, cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia.

Al examinar el recurso presentado, notamos que no ha mediado intervención alguna del foro primario ni de alguna agencia administrativa. Además, debemos apuntar que no existe determinación final alguna de alguna agencia o tribunal que nos coloque en posición de intervenir para ejercer nuestra facultad revisora.

De otro lado, el escrito presentado por el Sr. Miranda Santana no cumple con todos los requisitos de forma y fondo establecidos en la Regla 59 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 59. Por ejemplo, en el cuerpo del escrito no alude a disposición legal alguna y tampoco formula y discute los errores cometidos por la agencia, si alguno. Por el contrario, el Sr. Miranda Santana presentó ante nos una *Demanda*, por lo que nos vemos imposibilitados de intervenir en esta etapa de los procedimientos.

Consecuentemente, es forzoso concluir que procede la desestimación del recurso ante nos, a la luz de la carencia de

determinación revisable. Recordemos que la falta de jurisdicción sobre la materia no puede ser subsanada ni el tribunal puede arrogársela cuando no la hay, por lo que nos vemos privados de autoridad para entender en la controversia que se nos propone.

Lo anterior no significa que el peticionario no tenga derecho a que un foro examine lo que solicita y determine si procede o no, según el derecho aplicable. Sin embargo, el Sr. Miranda Santana no podía presentar directamente ante el Tribunal de Apelaciones dicha solicitud; antes tenía que acudir ante el foro con jurisdicción original correspondiente.

IV

A la luz de lo antes expuesto, **desestimamos** el recurso ante nuestra consideración por falta de jurisdicción.

La juez Méndez Miró concurre y hace constar las expresiones que siguen:

"Concurro con el resultado. Este Tribunal no tiene jurisdicción sobre el recurso que presentó el Sr Víctor Miranda Santana (señor Miranda) ya que no tiene ante su consideración una determinación final del Departamento de Corrección y Rehabilitación (Corrección). Correspondería que el señor Miranda acuda, primero, ante Corrección a exponer su reclamo y, luego de agotar todos los remedios disponibles ante Corrección, y si lo desea, acuda en revisión judicial ante este Tribunal. Es importante que, si adopta este curso de acción, acompañe su recurso con todos los documentos necesarios para que este Tribunal pueda considerarlo."

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones